```
          UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF GEORGIA
                ATLANTA DIVISION
```

| | |
|---|---|
| DAPHNE L. JEFFERSON,  Plaintiff,  v.  WAL-MART STORES EAST, LP, and JOHN DOES 1-5,  Defendants. | CIVIL ACTION  NO. 1:08-CV-3818-CAP |

**<u>ORDER</u>**

This matter is now before the court on the plaintiff's motion to remand due to lack of diversity jurisdiction [Doc. No. 10] and on defendant Wal-Mart Stores East, LP's motion to compel discovery and motion for sanctions [Doc. No. 12].

On December 8, 2008, plaintiff Daphne L. Jefferson filed this case in the Superior Court of Cobb County. In her complaint, Jefferson sues Wal-Mart for injuries that she sustained when she slipped and fell in a Wal-Mart store. She alleges that she "sustained significant physical injuries, including cervical displacement, cervical strain/sprain, thoracic displacement, thoracic strain/sprain, lumbar displacement, lumbar strain/strain [sic], head injury, and trains [sic] of her right knee and shoulder." Compl. at ¶ 7 [Doc. No. 1, Ex. A]. For relief, she seeks (1) "damages in an amount to be proven at trial;" (2) "special damages for damages suffered, including, but not limited to medical expenses of $14,930.98;" (3) "punitive damages in an

amount to be proven at trial;" (4) pre and post judgment interest; (5) attorney's fees pursuant to O.C.G.A. § 13-6-11; and (6) "such other and further relief as [the court] deems appropriate." Id. at p. 9.

On December 17, 2008, Wal-Mart removed this case to federal court, claiming that this court has complete diversity jurisdiction. In its notice of removal [Doc. No. 1], Wal-Mart points to the damages that Jefferson seeks in her complaint and conclusively alleges that these damages exceed the $75,000 jurisdictional threshold.

On February 23, 2009, Jefferson filed her motion to remand [Doc. No. 10]. In her motion, she contends that this court lacks diversity jurisdiction over this case because she is not seeking in excess of $75,000, exclusive of fees and costs. As support for her argument, she points the court to the following February 12, 2009, responses that she made to Wal-Mart's request for admission:

> **Request 1.**
>
> Plaintiffs will not seek, recover, or collect from Defendant a sum in excess of $75,000.
>
> **RESPONSE:**
>
> Admitted.

**Request 2.**

Any portion of a verdict against Defendants that exceeds $75,000 will be written down by the Court so that the Judgment shall not exceed the sum of $75,000.

**RESPONSE:**

Admitted.

**Request 3.**

Defendant shall not in this action be ordered, adjudged or called upon to pay Plaintiff a sum in excess of $75,000.

**RESPONSE:**

Admitted.

Pl.'s Resps. to Def.'s First Request for Admissions [Doc. No. 10, Ex. A]. As a result, she contends that this case must be remanded to state court.

In response, Wal-Mart requests that the court deny Jefferson's motion. It argues that Jefferson's responses to the requests for admission do not divest this court of subject matter jurisdiction. Specifically, Wal-Mart contends that a fair reading of the complaint, coupled with the magnitude of damage awards and attorney's fees in state and federal courts in this district, indicate that Jefferson has asserted a claim for personal injuries with a value that exceeds $75,000. Moreover, it contends that Jefferson's attorney never raised any question concerning this court's jurisdiction in the joint preliminary report that the

parties submitted to this court on January 16, 2009. Instead, Wal-Mart argues that Jefferson is using the motion to remand solely as a tactic to further delay discovery. Moreover, Wal-Mart contends that Jeffferson's pre-suit settlement demand of $85,000 provides further evidence that the amount in controversy in this matter exceeds $75,000.

In reply, Jefferson again argues that she indicated in both her response to Wal-Mart's requests for admission and her initial disclosures that she is seeking less than $75,000, exclusive of fees and costs. She argues that these documents, signed by her attorney, deserve deference and a presumption of truth.

B.  **Legal Standard**

Pursuant to the removal statute, 28 U.S.C. § 1441, a defendant may only remove an action from state court if the federal court would possess original jurisdiction over the subject matter.[1] In this case, Wal-Mart claims that the court's source of original jurisdiction is 28 U.S.C. § 1332, which grants federal district courts jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different

---

[1] When determining whether the court has subject matter jurisdiction, the court must construe the removal statute narrowly and resolve any uncertainties in favor of remand. Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

states."  It is undisputed that the parties to this action are citizens of different states; therefore, the only question is whether the amount in controversy has been satisfied.

Because Jefferson has not requested a specific amount of monetary damages in the complaint, Wal-Mart must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.  <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001).  This jurisdictional amount may include a reasonable amount of statutorily authorized attorney's fees.  <u>Morrison v. Allstate Indemnity Co.</u>, 228 F.3d 1255, 1265 (11th Cir. 2000) (questioned on other grounds in <u>Johnson v. Micron Technology, Inc.</u>, 354 F. Supp. 2d 736 (E.D. Mich. 2005)).  In addition, if the plaintiff seeks punitive damages, such damages should be considered as part of the jurisdictional amount "unless it is apparent to a legal certainty that such cannot be recovered."  <u>Holley Equipment Co. v. Credit Appliance Corp.</u>, 821 F. 2d 1531, 1535 (11th Cir. 1987).

    C.    **Analysis**

In this case, the court concludes that Wal-Mart has not demonstrated by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional amount at the time that it removed this case to federal court.  Although Wal-Mart has directed this court to awards in comparative cases and to Jefferson's *pre-*

*suit* settlement offer to demonstrate that Jefferson is seeking an award in excess of $75,000, this evidence does not overcome Jefferson's stipulation and clarification that she is not seeking and will not accept a recovery in excess of $75,000. The Eleventh Circuit has indicated that it places great deference on such representations regarding the amount in controversy and presumes them to be true. <u>Federated Mutual Insurance Co. v. McKinnon Motors</u>, 329 F.3d 805, 808-09 (11th Cir. 2003) (affirming the dismissal of a case for lack of subject matter jurisdiction where the plaintiff affirmatively represented in its motion to remand that it did not seek and, more importantly, would not seek damages in excess of $75,000 exclusive of interest and costs). Accordingly, this court will follow the Eleventh Circuit and will defer to the stipulation made by Jefferson and her counsel regarding the amount in controversy and her stipulation that she is not seeking and will not seek or collect more than $75,000. Accordingly, Jefferson's motion to remand is GRANTED.

The clerk is DIRECTED to remand this case to the Superior Court of Cobb County. Wal-Mart's motion to compel discovery and motion for sanctions is DISMISSED AS MOOT [Doc. NO. 12].

So ordered, this <u>13th</u> day of May, 2009.

<u>/s/ Charles A. Pannell, Jr.</u><br>
CHARLES A. PANNELL, JR.<br>
United States District Judge